Hxman, C. J.
The appellee has placed on file in this Court the transcript of appeal. He has also filed an answer praying for damages, as in case of a frivolous appeal. •
The answer compels an examination of the record, in order to ascertain whether the defendant had any £>robabls grounds for his appeal. Indeed, the practice of the Court is to examine the record, in cases which are brought up by the appellee, in the same manner as if the transcript had been filed by the appellant, and to render judgment in accordance with right upon the merits of the appeal.
On looking into the record, we find that the plaintiff obtained an order of seizure and sale upon a simple authentic act of mortgage. The instrument does not accord to him any privilege upon the property hypothecated.
Yet, the petition for an order of seizure and sale prays “ for a privilege and priority of payment on the proceeds of said sale” of the property hypothecated, and the decree recognizes such priority and privilege, for the sum claimed, and awards “a writ of sale” accordingly.
The distinction between a mortgage and a privilege is clearly defined by the Code. A mortgage is a right granted to the creditor over the property of his debtor, for the security of his debt, and gives him the power of having the property seized and sold in default of payment. C. C. 3245. A privilege is a right which the nature of the debt gives to a creditor, and which entitles him to be preferred before the other creditors, even those who have mortgages. C. C. 3153. “And privileges can be claimed only for those debts to which it is expressly granted by the Code. ” C. C. 3152. See also Harned v. Churchman, 4 An. 313 ; Bachus v. Moreau, ib. 314 ; Citizens' Bank v. Cary, 12 R. 279; Cleveland v. Sproul, 12 Rob. 172, and Boner v. Muhle, 3 An. 603.
As the creditor in this case only holds a mortgage against his debtor, the decree which grants him the superior security of a privilege is erroneous. The party who obtains the ex parte order of seizure and sale must take care that he does not exact more than is just, or a different thing-from that vhic-h he is entitled to.
It wifi not do for the creditor to say that the ex parte order cannot prejudice the rights of third persons, and that it must be a matter of indifference to the debtor, whether his property is sold under an act importing a mortgage or one importing a priyilege, since the same property is to be sold in both instances.
*35 The reply is, the right which the creditor seeks to enforce grows out of a contract in an authentic form. The creditor cannot take any more, or any other thing, than that which is granted by the act; and, if the Court were to award him a different thing, it would make a new contract for the debtor. Moreover, there may be cases where good faith would require the mortgagor to do nothing to impair the vendor’s privilege, or the privilege of the builder or material man.
It is therefore ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed ; and now proceeding to pronounce such judgment as ought to have been pronounced, it is ordered, adjudged and decreed, that an order of seizure and sale issue in favor of the plaintiff, directed to the sheriff of the parish of Carroll, commanding him to seize the following described tract of land, of the defendant, situated in said parish, viz : the north half of section No. 11, in township No. 19, range No. 11 east, containing three hundred and twenty-three and 50-100 acres, and sell the same in conformity to the law regulating seizures and sale, to pay the plaintiff the sum of seven hundred and forty dollars, with interest thereon, at the rate of eight per cent, from the 1th day of January, A. D. 1861 until paid, said debt and interest being secured to the plaintiff by the conventional mortgage executed by the. defendant, and bearing date the 30th day of October, A. D. 1860 ; and it is further ordered that the costs of the proceedings, in the order of seizure and sale in the lower Court, be paid by the defendant, and that the costs of the appeal be paid by the plaintiff and appellee.